IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

Charles Odom,                          )
                                       )
                    Petitioner,        )
                                       )
                                       )
          v.                           )                    Civil No.  3:08-cv-057
                                       )
                                       )
State of North Dakota,                 )
                                       )
                    Respondent.    )

**REPORT AND RECOMMENDATION**

Petitioner Charles Odom seeks habeas relief under 28 U.S.C. § 2254 from his state

convictions of possession of cocaine with intent to deliver and possession of drug paraphernalia.

The court authorized filing of the petition but must conduct an initial review prior to service of

the petition upon the State.  28 U.S.C. § 1915A.

In his petition Odom states that he took a direct appeal from both convictions and

subsequently filed post-conviction proceedings in state district court.  He indicates he did not

receive a hearing on his state petition, that the date of the state court's decision and result of the

petition are "N/A," that the state "court has refused to cooperate and can thereby be presumed

that the state post-conviction relief effort will be without representation." and that "no response

yet received on petition for rehearing of probable cause and state's evidence."  (Doc. # 3).

The court conducted a search of the state court docket of Odom's cases.

*http://www.ndcourts.gov/publicsearch*, Cases No. 08-5-K-2477 and 08-5-K-812.  The docket

indicates that Odom did indeed file a petition for post-conviction relief in each case, but that the

1

state district court has not yet ruled on the petitions.  A hearing is scheduled on each petition for December 5, 2008.

A state prisoner cannot obtain a federal writ of habeas corpus unless he has first "exhaust[ed] his state law remedies and fairly present[ed] the facts and substance of his habeas claim to the state court."  *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S.Ct. 721 (2007), *quoting Middleton v. Roper,* 455 F.3d 838, 855 (8th Cir. 2006), *cert. denied*, ___ U.S. ___, 127 S.Ct. 980 (2007).   A federal court must dismiss a habeas petition "if the prisoner has not exhausted available state remedies as to any of his federal claims."  *Clay v. Norris,* 485 F.3d 1037, 1039 (8th Cir. 2007), *quoting Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

Odom filed petitions for state post-conviction relief, but he neither afforded the state district court an opportunity to rule on his petitions or sought an appeal from the district court's ruling before seeking federal habeas relief.  His failure to exhaust available state post-conviction remedies before filing his federal petition mandates dismissal of his petition without prejudice.

**IT IS RECOMMENDED** that the court dismiss the petition without prejudice for failure to exhaust available state remedies.

### RIGHT TO OBJECT

Pursuant to Local Rule 72.1(D)(4), any party may object to this recommendation within ten (10) days after being served with a copy.

Dated this 17th day of November, 2008.

_____*/s/   Karen K. Klein*_____
Karen K. Klein
United States Magistrate Judge