IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Charles Odom, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER ADOPTING** |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| State of North Dakota, ) | Civil No. 3:08-cv-57 |
| ) | |
| Respondent. ) | |

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by Petitioner Charles Odom (Doc. #3). Odom seeks habeas relief from his state convictions of possession of cocaine with intent to deliver and possession of drug paraphernalia.

On November 17, 2008, subsequent to the required prior review under 28 U.S.C.§ 1915A, the Honorable Karen K. Klein, United States Magistrate Judge, issued a Report and Recommendation which recommends that the petition be dismissed without prejudice because Odom has failed to exhaust his state remedies (Doc. #7). In reaching this recommendation, Magistrate Judge Klein reported that Odom had state post-conviction relief petitions pending on each conviction, and that a hearing was scheduled on the state matters for December 5, 2008.

Odom has filed an objection to the Report and Recommendation, essentially arguing that his state petition is not being vigorously pursued by his attorney and that the matter has been continued without his consent.[1]

---

[1] While not as clearly stated, it also appears that Odom has concerns that race has improperly influenced his state court proceedings. Odom's "concerns" are clearly suspicions which have not been supported by any facts, and as such they are not matters sufficiently raised to be considered at this stage of the case.

1

A review of the electronic records of the state court proceedings reveals that the December 5, 2008 hearings have been continued to February 6, 2009. *http://www.ndcourts.gov/publicsearch*, Case Nos. 08-5-K-2477 and 08-5-K-812. It appears that the state hearings were continued because Odom sought to amend his petition. The amended petition was filed on December 8, 2008.

As a general matter, a state prisoner must exhaust his state remedies in order to seek habeas corpus relief. Carney v. Fabian, 487 F.3d 1094,1096 (8th Cir. 2007). While it is possible under special circumstances to seek relief in federal court without exhausting state claims for relief, see Mellott v. Purkett, 63 F.3d 781 (8th Cir. 1995), in order to prevail the circumstances must be truly extraordinary, and it is not enough to merely assert that it would be futile to pursue state remedies. Parker v. Kelchner, 429 F.3d 58, 63 (3rd Cir. 2005).

Here, it is clear that Odom has not yet exhausted his state remedies, and he has not pointed to any facts which make this an extraordinary case that should be reviewed in federal court without such exhaustion. After reviewing the entire record in this case, the Court concludes that the Magistrate Judge's position is correct. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation in its entirety. For the reasons set forth therein, Odom's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** without prejudice. Odom's Motion for Summary Judgment (Doc. #5) is **DENIED AS MOOT**.

The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Furthermore, the denial of the motion is not reasonably debatable, and the issues presented are inadequate to deserve further proceedings. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Therefore, the Court will not issue a certificate of appealability.

**IT IS SO ORDERED.  LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 22nd day of December, 2008.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court